A. PALAZZOLO & CO. *v.* UNITED STATES

No. 6089.—Invoices dated Naples, Italy, September 19, 1936, etc.
Certified September 22, 1936, etc.
Entered at Cincinnati, Ohio, October 22, 1936, etc.
Entry No. 355, etc.

(Decided January 29, 1945)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Arthur R. Martoccia*, special attorney), for the defendant.

KINCHELOE, Judge: These reappraisement appeals relate to importations of tomatoes and tomato paste in tins, covered by invoices which were consulated at Naples, Italy, in September 1936, and shipped by G. Palazzolo & Co. and Eugenio & Silvestro Crudele to the plaintiff in Cincinnati. In this case, and upon entry by duress certificate, the importer added in one case, $397.14, and, in the other cases, $455.66, because of advances made by appraisers in other cases, citing in its duress certificates, among others, as the then pending test case, Reappraisement 122960–A, covering New York entry 836213.

The merchandise in suit was appraised upon the basis of alleged foreign value. The importer contends in the present suit, the same as in the test suit which has been incorporated as part of the record herein (Reap. Dec. 5941), for an absence of foreign value, on the ground that there was no such or similar merchandise sold or freely offered for sale in Italy at the time of exportation, and claims that the proper dutiable values are the export values, which plaintiff contends are the appraised values in each case, less the amounts which were added under duress.

These reappraisement appeals have been submitted for decision upon stipulated facts agreed to by counsel on both sides to the effect that the tomatoes and tomato paste in tins covered by these appeals exported from Naples, Italy, by G. Palazzolo & Co. and Eugenio & Silvestro Crudele in September 1936, as also the issues involved in these appeals, are the same in all material respects as the merchandise and the issues which were passed upon in the case of *United States* v. *Luigi Vitelli Elvea, Inc., et al.*, Reap. Dec. 5941, the record in which case has been incorporated herein by consent.

Upon the stipulated facts herein and the record in the incorporated case, I find as follows:

That there was no foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930;

That export value as defined in section 402 (d) was the proper basis for dutiable value;

And that such export values are the appraised values, less the amounts which were added under duress.

Judgment will be rendered accordingly.